UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM HUGH COLLINGTON, )<br>)<br>Pro se Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW SMITH )<br>UNITED STATES MARSHALS SERVICE )<br>DEPARTMENT OF JUSTICE )<br>HAZARDOUS RESPONSE UNIT )<br>)<br>Defendants. )<br>_____ ) | Case No. 05CV2425 (GK) |

**DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

      Pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6), defendants, through counsel, move this Court for an Order (i) dismissing this case (ii) for lack of subject matter jurisdiction; (iii) for failure to state a claim; and (iv) for insufficient service of process. In support of this Motion, defendants hereby incorporate the Memorandum of Points and Authorities filed together with this Motion.

March 6, 2006                                                                          Respectfully submitted,


                                                           /s/
                                      KENNETH L. WAINSTEIN, D.C. Bar #451058
                                      United States Attorney


                                                           /s/
                                        R. CRAIG LAWRENCE, D.C. Bar #171538
                                        Assistant United States Attorney

                                             /s/
                                  KAREN L. MELNIK, D.C. Bar # 436452
                                  Assistant United States Attorney
                                  555 4th Street, N.W.
                                  Washington, DC 20530
                                  (202) 307-0338
                                  (202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM HUGH COLLINGTON, )<br>)<br>    <u>Pro se</u> Plaintiff, )<br>)<br>    v. )<br>)<br>ANDREW SMITH )<br>UNITED STATES MARSHALS SERVICE )<br>DEPARTMENT OF JUSTICE )<br>HAZARDOUS RESPONSE UNIT )<br>)<br>    Defendants. )<br>_____) | Case No. 05CV2425 (GK) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff files the instant Complaint seeking money damages for an alleged assault and theft which occurred during the execution of a District of Columbia Superior Court Search Warrant.  Plaintiff's effort is fatally flawed – he has not presented his tort claim to the United States Marshals Service ("USMS"), as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  Moreover, to the extent that plaintiff attempts to allege a <u>Bivens</u>[1] claim against Deputy United States Marshal Andrew Smith, plaintiff fails to state a claim and, even if he did state a claim, plaintiff has failed to serve defendant Smith in his individual capacity and defendant Smith would be protected from suit by qualified immunity.

**FACTS**

On December 1, 2005, the Honorable Ronald Wertheim, Associate Judge of the Superior Court of the District of Columbia, signed a Search Warrant presented by Deputy United States Marshal ("DUSM") Andrew Smith for 1430 Saratoga Street, N.E. Apartment #5, Washington,

---

[1] <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

D.C. See Exhibit 1 of Plaintiff's Complaint. So the Marshals had authority to be there. That same day, DUSM Smith, along with other Deputy U.S. Marshals, executed the search warrant. See id. A notation appears in the "inventory" section of the Search Warrant reflecting that nothing was seized by the marshals from the residence. See id. The signature of "William Collington" appears following this notation. See id.

On January 3, 2006, plaintiff filed a complaint alleging that he and another person were "abusively handcuffed, pepper-sprayed and detained in livingroom as Marshalls [sic] searched my house, and took all of my tapes as they exit my residence." See Complaint (emphasis in original). Plaintiff's complaint should be dismissed with prejudice because he has (1) not filed an administrative tort claim pursuant to the Federal Claims Tort Act, thus this Court lacks jurisdiction; (2) failed to serve DUSM Smith in his individual capacity, thus this Court lacks personal jurisdiction over him; and (3) fails to state a claim that can withstand qualified immunity.

### ARGUMENT

**I.  Legal Standards**

Defendant moves for dismissal under Rule 12(b)(1), as the Court lacks jurisdiction over the subject matter, 12(b)(6) for failure to state a claim, and Rule 12(b)(5), as the plaintiff failed to properly serve defendant. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999), aff'd 38

Fed. Appx. 4 (D.C. Cir. 2002). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

**II.     The United States Shall Be Substituted As Defendant In This Action**

In this case, plaintiff filed suit against DUSM Smith alleging a tort arising from his actions taken as a Deputy United States Marshal. See Complaint. When a federal employee is sued for a wrongful or negligent act, the United States Attorney General, or by designation the United States Attorney in the district where the claim is brought (or his designee), may certify that the employee was acting at the time within the scope of his employment. See 28 U.S.C. § 2679(d)(1). Specifically, this statute provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

3

28 U.S.C. § 2679(d)(1) (emphasis added). In short, where the Attorney General's designee has filed a certification that the original defendant was acting within the scope of his employment, such certification has the following two effects: (1) it requires the substitution of the United States for the federal employee as the defendant in the lawsuit; and (2) it converts the lawsuit into an action against the United States under the FTCA. See 28 U.S.C. §§ 1346(b), 2671 et seq.; see also Haddon v. United States, 68 F.3d 1420, 1423 (D.C. Cir. 1995); Vanover, 77 F. Supp.2d at 97.[1]

Included with this Motion to Dismiss is the Certification of R. Craig Lawrence, Civil Chief, United States Attorneys Office for the District of Columbia, certifying that defendant DUSM Smith was acting within the scope of his authority as an employee of the United States at the time of the alleged incident. See Exhibit 1 (attached hereto). Accordingly, the suit becomes one against the United States under the FTCA. See Haddon, 68 F.3d at 1423; Gustave-Schmidt v. Chao, 226 F. Supp.2d 191, 200 (D.D.C. 2002).

### III.     This Court Lacks Subject Matter Jurisdiction To Hear This Action

The doctrine of sovereign immunity bars all suits against the United States except where such immunity is expressly waived by Congress. See United States v. Testan, 424 U.S. 392, 399 (1976). The sovereign immunity of the United States protects it and its agencies from suit absent an express waiver. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); United States v. Nordic Village, 503 U.S. 30, 33-34 (1992) (waivers must be "unequivocally expressed"); United States v. Mitchell, 445 U.S. 535, 538 (1980); Information Sys. & Networks Corp. v. United States

---

[1] A plaintiff may seek judicial review of a scope of employment certification under the Westfall Act. See Gutierrez de Martinez v. Lamagno, 505 U.S. 417, 434 (1995); Stokes v. Cross, 327 F.3d 1210, 1213 (D.C. Cir. 2003).

Department of Health & Human Servs., 970 F. Supp. 1, 3 (D.D.C. 1997) ("Defendants, as federal agencies, are immune from suit unless the government has expressly waived that immunity.") (citation omitted).

Sovereign immunity is jurisdictional. As the Supreme Court has recognized, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); see also Alexander v. Americans United, Inc., 416 U.S. 752, 767 n.5 (1974) (Blackmun, J., dissenting). When a plaintiff seeks monetary relief for torts against the United States or a department of the United States, the only possible basis for relief is under the FTCA. The FTCA authorizes district courts to hear suits against the United States

> for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); see also Cope v. Scott, 45 F.3d 445, 447 (D.C. Cir. 1995).

The FTCA mandates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added); Kubrick v. United States, 444 U.S. 111, 117-18 (1979) (noting that Courts are not to extend this waiver of sovereign immunity beyond what Congress intended). Although phrased in the disjunctive, "this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial."

Houston v. United States Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987) (emphasis in original) (citing numerous cases). See also Willis v. United States, 719 F.2d 608, 612 (2d Cir. 1983); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980).

The FTCA required that plaintiff file an administrative claim with the United States Marshals Service prior to instituting this action. 28 U.S.C. § 2401(b). Plaintiff has not done so. See Exhibit 2 (Declaration of Jessica Born) ("Born Decl.") (attached hereto) at ¶ 7. Accordingly, he has failed to exhaust his administrative remedies and this action should be dismissed for lack of subject matter jurisdiction. Kubrick, 444 U.S. at 117-18.

### IV.     Plaintiff Failed To Serve Defendant In His Individual Capacity

Plaintiff has never properly served defendant DUSM Smith in his individual capacity. Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. Omni Capital Int'l, Ltd. v. Wolff & Co., 484 U.S. 97, 104 (1987). Accordingly, dismissal is appropriate pursuant to Rule 12(b)(5) where there has been insufficient service of process. Once a defendant has moved to dismiss and presents evidence disputing personal jurisdiction, the burden shifts to the plaintiff to make a prima facie showing via admissible evidence that personal jurisdiction exists. Light v. Wolf, 816 F.2d 746, 751 (D. C. Cir. 1987); In re Baan Co. Securities Litigation, 245 F. Supp. 2d 117, 124 (D.D.C. 2003) (citing Edmond v. U.S. Postal Service General Counsel, 949 F.2d 415, 424 (D.C. Cir. 1991)); Hilska v. Jones, 217 F.R.D. 16, 20 (D.D.C. 2003).

Plaintiff filed his complaint on January 3, 2006. To date, defendants have seen no evidence suggesting that plaintiff has attempted to perfect service. See Born Decl. at ¶ 8. Rule

4(i) outlines the requirements for service when the United States, its agencies, corporations, officers, or employees have been sued. Specifically, Rule 4(i) states:

**(i) Serving the United States, Its Agencies, Corporations, Officers or Employees.**

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the **Attorney General of the United States at Washington, District of Columbia** . . .

(2)(B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States - whether or not the officer or employee is sued also in an official capacity - is effected by serving the United States in the manner prescribed by Rule 4(i)(1) **and** by **serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g).**

District of Columbia caselaw confirms this requirement. Where a plaintiff seeks money damages from an individual federal employee through a Bivens action, "personal service should be made upon the individual defendant in accordance with Rule 4(e) instead of upon that individual as a government officer in accordance with Rule 4(i)(2)." Commercial Drapery Contractors, Inc. v. U.S., 133 F.3d 1 (C.A.D.C. 1998) (citing Armstrong v. Sears, 33 F.3d 182, 186-87 (2d Cir. 1994)) (emphasis in original); Maye v. Reno, 231 F. Supp. 2d 332, 335 (D.D.C. 2002). Failure to perfect service of process on the individual is generally fatal to a Bivens action. Freeman v. Fallin, 210 F.R.D. 255, 256 (D.D.C. 2002) (citations omitted).

It is well-established that, in an action against a federal employee in his official and/or individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) states:

**(e)     Service Upon Individuals Within a Judicial District of the United States.**

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein **or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.**

Here, DUSM Smith was never served pursuant to Rule 4(e) in his individual capacity. Service was attempted at his place of employment. See Born Decl. at ¶ 8. However, the individual who purported to accept service on behalf of DUSM Smith, Mr. Ernest Parker, works in the Department of Justice mailroom. See Born Decl. at ¶ 9. Mr. Parker is neither a USMS employee nor a person authorized to accept service of process for DUSM Smith in his individual capacity. See Born Decl. at ¶ 9. See also Leichtman v. Koons, 527 A.2d 745, 747 and n. 5 (D.C. 1987) (Office employee with authority to receive business mail does not, by virtue of his or her position, have authority to receive process, and actual knowledge of the existence of a lawsuit is no substitute for personal service).

Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-named defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); see also Stafford v. Briggs, 444 U.S. 527 (1980). The service of process thus being defective as to this defendant in his individual

capacity, this action cannot proceed against him. Micklaus v. Carlson, 632 F.2d 227, 240 (3rd Cir. 1980); Griffith v. Nixon, 518 F.2d 1195, 1196 (2d Cir. 1985), cert. denied, 423 U.S. 995 (1975).

DUSM Smith's limited appearance herein in the form of this motion to dismiss plaintiff's complaint does not constitute an acquiescence in the manner of service, a waiver of proper service, or a voluntary entrance of appearance.

V.      **Plaintiff Fails To State A Claim That Can Withstand Qualified Immunity**

Plaintiff appears to claim that DUSM Smith violated plaintiff's right to be free from the application of excessive force. To the extent plaintiff's Complaint can be construed as naming DUSM Smith as a defendant in his *individual* capacity, plaintiff has failed to properly serve him and so, he is yet to be defendant in this action.

Even if DUSM Smith had been properly served, it is clear that he would be entitled to qualified immunity from suit for personal damages if his conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Saucier v. Katz, 533 U.S. 134 (2001); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). See Siegert v. Gilley, 111 S. Ct. 1789 (1991); Davis v. Scherer, 468 U.S. 183, 197 (1984). The qualified immunity defense in this context is "an immunity from suits rather than a mere defense from liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The Supreme Court has repeatedly stressed the desirability to resolve the qualified immunity issues at the earliest stage of litigation. Hunter v. Bryant, 112 S. Ct. 534, 536 (1991); Anderson v. Creighton, 483 U.S. 635 (1987); Mitchell v. Forsyth, supra. In fact, "[u]ntil the threshold of immunity is resolved, discovery should not be allowed." Siegert, supra, at 231.

9

The District of Columbia Circuit Court established a two-prong test to review the applicability of the qualified immunity defense. First, the court will look at whether "the facts show the officer's conduct violated a constitutional right." Lederman v. United States, 291 F.3d 36, 46 (D.C. Cir. 2002) (citations omitted). Second, the Court will look at whether the right was clearly established. In assessing whether a particular right is sufficiently established to place a defendant on notice that his conduct was unconstitutional, the D.C. Circuit looks to decisions of "the Supreme Court, the District of Columbia Circuit, and, to the extent there is a consensus, other circuits [that] have spoken clearly on the lawfulness of the conduct at issue." Butera v. District of Columbia, 235 F.3d 637, 652 (D.C. Cir. 2001). Defendants are only liable "if they knew, or were unreasonable in not knowing, that their behavior violated the Constitution." Harris v. District of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991).

The immunity question is resolved by examining the reasonableness of the defendant's conduct in light of clearly established federal law. Malley v. Briggs, 475 U.S. 335, 345 (1986). Therefore, the defendant's conduct is "analyzed according to an objective, rather than subjective, standard of reasonableness." Foster v. McGrail, 844 F. Supp. 16, 23 (D. Mass. 1994) (quoting Anderson v. Creighton, 483 U.S. 635 (1987)).

Plaintiff has failed to state any applicable law in his complaint. A review of applicable allegations as presented in plaintiff's complaint demonstrate that DUSM Smith neither violated any clearly established right of the plaintiff, nor acted unreasonably, in regard to matters about which plaintiff complains. Accordingly, qualified immunity requires dismissal of any constitutional claims against DUSM Smith.

## **CONCLUSION**

As plaintiff has filed a common law claim against a Federal employee acting within the scope of his employment, based on the certification, this Court should substitute the United States as the sole defendant herein. Additionally, because plaintiff has not filed his tort claim with the United States Marshals Service, as required by the FTCA, his claim is barred and this Court should dismiss the claim for lack of subject matter jurisdiction. Finally, to the extent plaintiff is suing DUSM Smith in his individual capacity, plaintiff's lawsuit should be dismissed because of insufficient service of process and because DUSM Smith has qualified immunity.

March 6, 2006                                   Respectfully submitted,

                                                /s/
                                                KENNETH L. WAINSTEIN, D.C. Bar #451058
                                                United States Attorney


                                                /s/
                                                R. CRAIG LAWRENCE, D.C. Bar #171538
                                                Assistant United States Attorney


                                                /s/
                                                KAREN L. MELNIK, D.C. Bar # 436452
                                                Assistant United States Attorney
                                                555 4th Street, N.W.
                                                Washington, DC 20530
                                                (202) 307-0338
                                                (202) 514-8780 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2006, I caused the foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction to be served by first-class mail, postage prepaid, on:

William Hugh Collington
1430 Saratoga Ave., N.E. #5
Washington, D.C. 20018

Pro se Plaintiff

                              /s/
KAREN L. MELNIK, D..C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)