UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM HUGH COLLINGTON, ) | |
| ) | |
| Pro se Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05CV2425 (GK) |
| ) | |
| ANDREW SMITH ) | |
| UNITED STATES MARSHALS SERVICE ) | |
| DEPARTMENT OF JUSTICE ) | |
| HAZARDOUS RESPONSE UNIT ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

**I. INTRODUCTION**

In response to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Defendant's Motion"), pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6), Plaintiff fails to allege or establish any facts that address the defenses raised by Defendants. Plaintiff simply recounts in greater detail his characterization of the events that occurred on December 1, 2005. Since Plaintiff has not established that he has presented his tort claim to the United States Marshals Service ("USMS"), as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), his claim should be dismissed. Moreover, to the extent that plaintiff continues to attempt to allege a Bivens[1] claim against Deputy United States Marshal Andrew Smith, plaintiff fails to state a claim and, even if he did state a claim, plaintiff still has failed to serve defendant Smith in his individual capacity and defendant Smith would be protected from suit by qualified immunity.

---

[1] Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

## II. LEGAL STANDARDS

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999), aff'd 38 Fed. Appx. 4 (D.C. Cir. 2002). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

## III. ARGUMENT

The doctrine of sovereign immunity bars all suits against the United States except where such immunity is expressly waived by Congress. See United States v. Testan, 424 U.S. 392, 399 (1976). The sovereign immunity of the United States protects it and its agencies from suit absent an express waiver. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); United States v. Nordic Village, 503 U.S. 30, 33-34 (1992) (waivers must be "unequivocally expressed"); United States

v. Mitchell, 445 U.S. 535, 538 (1980); Information Sys. & Networks Corp. v. United States Department of Health & Human Servs., 970 F. Supp. 1, 3 (D.D.C. 1997) ("Defendants, as federal agencies, are immune from suit unless the government has expressly waived that immunity.") (citation omitted).

Sovereign immunity is jurisdictional. As the Supreme Court has recognized, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); see also Alexander v. Americans United, Inc., 416 U.S. 752, 767 n.5 (1974) (Blackmun, J., dissenting). When a plaintiff seeks monetary relief for torts against the United States or a department of the United States, as Plaintiff does here, the only possible basis for relief is under the FTCA. The FTCA authorizes district courts to hear suits against the United States

> for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); see also Cope v. Scott, 45 F.3d 445, 447 (D.C. Cir. 1995).

The FTCA mandates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added)

The FTCA required that plaintiff file an administrative claim with the United States Marshals Service prior to instituting this action. 28 U.S.C. § 2401(b). Plaintiff has not done so.

3

See Exhibit 2 to Defendants' Motion at ¶ 7. Accordingly, he has yet to exhaust his administrative remedies and this action should be dismissed for lack of subject matter jurisdiction.

In addition, Plaintiff has still not provided any evidence that he has properly served defendant DUSM Smith in his individual capacity. Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. Omni Capital Int'l, Ltd. v. Wolff & Co., 484 U.S. 97, 104 (1987). Accordingly, dismissal is appropriate pursuant to Rule 12(b)(5) where there has been insufficient service of process. Once a defendant has moved to dismiss and presents evidence disputing personal jurisdiction, the burden shifts to the plaintiff to make a prima facie showing via admissible evidence that personal jurisdiction exists. Light v. Wolf, 816 F.2d 746, 751 (D. C. Cir. 1987); In re Baan Co. Securities Litigation, 245 F. Supp. 2d 117, 124 (D.D.C. 2003) (citing Edmond v. U.S. Postal Service General Counsel, 949 F.2d 415, 424 (D.C. Cir. 1991)); Hilska v. Jones, 217 F.R.D. 16, 20 (D.D.C. 2003). To date, defendants have seen no evidence suggesting that plaintiff has attempted to perfect service.

Lastly, the additional facts purported by Plaintiff fail to state a claim that withstand qualified immunity. Even if DUSM Smith had been properly served, it is clear that he would be entitled to qualified immunity from suit for personal damages if his conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Saucier v. Katz, 533 U.S. 134 (2001); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). See Siegert v. Gilley, 111 S. Ct. 1789 (1991); Davis v. Scherer, 468 U.S. 183, 197 (1984). The qualified immunity defense in this context is "an immunity from suits rather than a mere defense from liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

The District of Columbia Circuit Court established a two-prong test to review the applicability of the qualified immunity defense. First, the court will look at whether "the facts show the officer's conduct violated a constitutional right." Lederman v. United States, 291 F.3d 36, 46 (D.C. Cir. 2002) (citations omitted). Second, the Court will look at whether the right was clearly established. In assessing whether a particular right is sufficiently established to place a defendant on notice that his conduct was unconstitutional, the D.C. Circuit looks to decisions of "the Supreme Court, the District of Columbia Circuit, and, to the extent there is a consensus, other circuits [that] have spoken clearly on the lawfulness of the conduct at issue." Butera v. District of Columbia, 235 F.3d 637, 652 (D.C. Cir. 2001). Defendants are only liable "if they knew, or were unreasonable in not knowing, that their behavior violated the Constitution." Harris v. District of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991).

A review of applicable allegations as presented in Plaintiff's complaint and opposition demonstrate that DUSM Smith neither violated any clearly established right of the plaintiff, nor acted unreasonably, in regard to matters about which plaintiff complains. Accordingly, qualified immunity requires dismissal of any constitutional claims against DUSM Smith.

## **CONCLUSION**

As plaintiff has filed a common law claim against a Federal employee acting within the scope of his employment, based on the certification attached to Defendants' motion, this Court should substitute the United States as the sole defendant herein. Additionally, because Plaintiff has failed to establish that he has filed his tort claim with the United States Marshals Service, as required by the FTCA, his claim is barred and this Court should dismiss the claim for lack of subject matter jurisdiction. Finally, to the extent Plaintiff is suing DUSM Smith in his individual

capacity, Plaintiff's lawsuit should be dismissed because of insufficient service of process and because DUSM Smith has qualified immunity.

April 19, 2006                                  Respectfully submitted,

                                                /s/
                                                KENNETH L. WAINSTEIN, D.C. Bar #451058
                                                United States Attorney


                                                /s/
                                                RUDOLPH CONTRERAS, D.C. Bar #434122
                                                Assistant United States Attorney


                                                /s/
                                                KAREN L. MELNIK, D.C. Bar # 436452
                                                Assistant United States Attorney
                                                555 4th Street, N.W.
                                                Washington, DC 20530
                                                (202) 307-0338
                                                (202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April, 2006, I caused the foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction to be served by first-class mail, postage prepaid, on:

William Hugh Collington
1430 Saratoga Ave., N.E. #5
Washington, D.C.  20018

Pro se Plaintiff

                                              /s/
                                  KAREN L. MELNIK, D..C. Bar # 436452
                                  Assistant United States Attorney
                                  555 4th Street, N.W.
                                  Washington, DC 20530
                                  (202) 307-0338
                                  (202) 514-8780 (facsimile)