UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**William Hugh Collington,**          :
                                       :
     **Plaintiff,**                    :
                                       :
          v.                        :   Civil Action No. 05-2425 (GK)
                                       :
**Andrew Smith,**                      :
                                       :
     **Defendant.**                    :

### MEMORANDUM OPINION

Plaintiff William Hugh Collington brings this suit against Defendant Andrew Smith, Deputy United States Marshal, for injuries allegedly suffered during service of a search warrant on December 1, 2005. The case is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [#5]. Fed. R. Civ. P. 12(b)(1). Defendant also argues that the case must be dismissed due to Plaintiff's failure to properly serve process on Defendant Smith and due to Plaintiff's failure to state a claim. Fed. R. Civ. P. 12(b)(4),(b)(6). For the reasons stated below, Defendant's Motion is **granted**.

    **I.  BACKGROUND**

On December 1, 2005, Defendant and other deputy marshals searched Plaintiff's apartment pursuant to a search warrant that had been signed by the Honorable Ronald Wertheim, Associate Judge of the Superior Court of the District of Columbia. Plaintiff claims that, while executing the warrant, Defendant and other deputy marshals abusively handcuffed him, pepper sprayed him,

searched his residence, and took all of his "tapes." United States marshals are federal employees.

## II. ANALYSIS

### A. The Court Lacks Subject Matter Jurisdiction

Pursuant to 28 U.S.C. § 2679(d) (2006), Assistant United States Attorney R. Craig Lawrence has certified that Defendant was acting within the scope of his employment during the series of events in question in this lawsuit. Such certification requires substitution of the United States as Defendant, and converts the suit into an action under the Federal Torts Claims Act ("FTCA"). 28 U.S.C. § 2679(d); see also Haddon v. United States, 68 F.3d 1420, 1423 (D.C. Cir. 1995).[1]

Under the FTCA, the United States waives its sovereign immunity, which is a jurisdictional limitation on courts, and consents to certain suits against it. See United States v. Sherwood, 312 U.S. 584, 586 (1941) (noting that the terms of the United States' "consent to be sued in any court define that court's jurisdiction to entertain the suit.").

Under the FTCA, Plaintiff must file a claim with the United States Marshals Service prior to instituting this action. 28 U.S.C. §§ 2401(b), 2675(a) (2006); see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from

---

[1] Plaintiffs may seek judicial review of the certification. Haddon, 68 F.3d at 1423.

bringing suit in federal court until they have exhausted their administrative remedies."). Plaintiff has failed to do so. Accordingly, at this time, the Court lacks subject matter jurisdiction to entertain Plaintiff's claim.

### B. The Court Lacks Personal Jurisdiction Over Defendant Andrew Smith

To the extent that Plaintiff's Complaint could be read to state claims against Defendant Smith in his individual capacity, any such claims must fail because Plaintiff has not served him with process in accordance with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(e), 12(b)(5); Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C. Cir. 2002)(holding that courts lack personal jurisdiction over defendants "unless the procedural requirements of effective service of process are satisfied.").

### III. CONCLUSIONS

For the reasons noted above, the Court grants Defendant's Motion to Dismiss.

December 1, 2006

/s/
GLADYS KESSLER
United States District Judge

**Copies to:** **Attorneys of record via ECF and**

**William Hugh Collington**
**1430 Saratoga Ave., N.E.**
**Apt. #5**
**Washington, D.C. 20018**

3